UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSANNA BAEZ and ELSIE SANTANA, on behalf of themselves, individually, and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> -against- <br><br> CAYUGA HOME FOR CHILDREN, <br><br> Defendant. | **COMPLAINT** <br><br> **Docket No.: 20-cv-2912** <br><br> Jury Trial Demanded |

ROSANNA BAEZ and ELSIE SANTANA (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against CAYUGA HOME FOR CHILDREN ("Defendant"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay wages to their employees not less frequently than on the regularly scheduled payday in accordance with the terms and conditions of employment, NYLL § 191(1)(d); (iv) the NYLL's requirement that employers furnish their employees with wage statements containing specific categories of accurate information on each

payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish their employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs Baez and Santana have worked for Defendant - - an Auburn, New York, not-for-profit corporation operating in Manhattan that works to place foster children into foster homes - - as home finders from January 17, 2017 and October 11, 2016, respectively, through the present.  As described below, for their respective employment periods excluding 2018, during which year Defendant paid Plaintiffs overtime as non-exempt employees ("the Relevant Time Period"), Defendant intentionally misclassified Plaintiffs as exempt, and as a result, willfully failed to pay them all of their earned wages under the NYLL or the overtime wages lawfully due to them under the FLSA and the NYLL.  Specifically, despite that they performed primarily non-exempt job duties throughout the Relevant Time Period, Defendant, in addition to their thirty-seven and one-half scheduled hours from Monday through Friday, routinely required Plaintiffs to work in excess of forty hours each workweek by requiring them to work two-to-three Saturdays each month and on-call shifts once or twice per month, but in exchange, paid them a flat weekly salary intended to cover only their thirty-seven and one-half scheduled weekday hours, and thus intentionally failed to compensate them at any rate of pay, let alone at their straight time rates for all hours up to forty in a week, or at the statutorily required overtime rate of time and one-half their straight-time rates for each hour that Plaintiffs worked per week in excess of forty.

3.      Additionally, Defendant violated the NYLL by failing to provide Plaintiffs with accurate wage statements on each payday or with any wage notice at the time of their respective hires, let alone an accurate one.

4.      Defendant paid and treated all of its home finders in the same manner.

5.      Accordingly, Plaintiffs bring this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiffs bring their claims under New York law on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

6.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.      At all times during the Relevant Time Period, each Plaintiff worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times herein, Defendant was and is a New York not-for-profit corporation with its principal place of business located at 101 Hamilton Avenue, Auburn, New York 13021.

11.     At all relevant times herein, Defendant was and is an "employer" within the meaning of the NYLL.  Defendant is also covered under the FLSA with respect to Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs, who were and are all individually engaged in interstate commerce, as they, on a daily basis, from New York, communicate and coordinate with foster care sponsors located in different states, such as New Jersey, Pennsylvania, California, Arizona, and Texas.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs seek to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former home finders, who at any time during the Relevant Time Period, performed work for Defendant and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13.     Defendant treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

4

14.     At all relevant times, Defendant was aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at the overtime rate of one and one-half times their respective regular rates of pay for all hours worked each workweek beyond forty, yet it purposefully chose and chooses not to do so.

15.     Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees at the required overtime rate for all hours worked each workweek beyond forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendant subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21.     Under FRCP 23(b)(3), a plaintiff must plead that:

   a.     The class is so numerous that joinder is impracticable;

   b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.     Claims or defenses of the representative are typical of the class;

   d.     The representative will fairly and adequately protect the class; and

   e.     A class action is superior to other methods of adjudication.

22.     Plaintiffs seek certification of the following FRCP 23 class:

   Current and former home finders, who at any time during the applicable NYLL limitations period except for 2018, performed any work for Defendant in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.     During the previous six years Defendant has employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff including but not limited to the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) the manner of compensating the Rule 23 Plaintiffs; (3) whether the Rule 23 Plaintiffs worked and work in excess of forty hours in a week; (4) whether Defendant failed and fails to pay the Rule 23 Plaintiffs overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendant failed and fails to pay the Rule 23 Plaintiffs at their regular rates of pay for all hours that they worked each week up to forty in accordance with the terms and conditions their employment; (6) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with a wage notice at the time of hire containing the information required by NYLL § 195(1); (8) whether Defendant kept and maintained and keeps and maintains accurate records of hours that the Rule 23 Plaintiffs worked and work; (9) whether Defendant kept and maintained and keeps and maintains records with respect to the compensation that it paid and pays to the Rule 23 Plaintiffs for each hour worked; (10) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were and are in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.     As described in the "Background Facts" section below, Defendant employed and continues to employ Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant as home finders, and Defendant did and does not: pay them overtime pay for all hours worked in a week over forty; and/or pay them at their regular rates of pay for all hours worked each week up to forty in accordance with the terms and conditions of employment; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty and their straight-time wages for all hours worked each week up to forty, and to be furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

26.     Plaintiffs, as described below, have worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant. Defendant did and does not pay Plaintiffs overtime for all hours worked over forty in a week, and did and does not pay them at their regular rates of pay for all hours that they worked each week up to forty in accordance with

the terms and conditions of employment, and did and does not furnish Plaintiffs with an accurate wage statement on each payday or an accurate wage notice at the time of hire, which is substantially similar to how Defendant paid and treated and pays and treats the Rule 23 Plaintiffs. Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint that pertain to them and that will be raised in Defendant's Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

27.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

<u>Superiority</u>

28.     Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant has treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by any home finder would be identical to a suit brought by any other similar employee of Defendant for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

31.     Defendant is a domestic not-for-profit corporation located in Auburn, New York, which works to place foster children into foster homes in the state of New York.

32.     Plaintiffs, as well as all of Defendant's home finders, work out of Defendant's office located at 68 East 131st Street, New York, New York.

33.     Plaintiff Baez commenced her employment with Defendant as a home finder on January 17, 2017, and she remains employed in this position as of the date of the filing of this action.

34.     Plaintiff Santana commenced her employment with Defendant as a home finder on October 11, 2016, and she remains employed in this position as of the date of the filing of this action.

35.     In their role as home finders, Plaintiffs meet with potential foster parents to coordinate the placement of foster children in the foster parents' homes.  Specifically, Plaintiffs' primary duties involve meeting with foster parents, filling out checklists that ensure certain conditions for placement are met, and then providing their reports to their supervisors who then determine whether to place the foster children into that foster home.

36.     For the entirety of their employment, Defendant has scheduled Plaintiffs to work, and Plaintiffs have worked and continue to work, from 9:00 a.m. until 5:00 p.m. from Monday through Friday, with a thirty-minute uninterrupted break each day, for a total of thirty-seven and one-half scheduled hours per workweek.  However, Defendant also schedules Plaintiffs to work anywhere between two-to-three Saturdays each month, from 9:00 a.m. until 4:00 p.m., without an uninterrupted break.  Thus, Plaintiffs have regularly worked forty-four and one-half hours in a week.

37.     Additionally, Defendant has required Plaintiffs to be on-call once or twice a month, starting at 5:00 p.m. on Friday and ending at 5:00 a.m. the following Monday, during which time period Defendant requires Plaintiffs to be immediately available to handle various emergency situations that foster parents call into Defendant's twenty-four hour service.  To adequately perform their duties and obligations during this on-call period, Defendant has required and requires

Plaintiffs to always be equipped with a computer and internet service and to immediately address any issues presented by foster parents. During these on-call shifts, Plaintiffs generally spend an additional sixteen hours – eight hours each on Saturday and Sunday – performing their general work responsibilities for Defendant. During these sixteen hours of work, which generally occurs from 9:00 a.m. to 5:00 p.m., Plaintiffs are not permitted to leave their computers due to the routine and constant issues that need to be addressed.

38.     Occasionally, Defendant has also required and requires Plaintiff Santana to work an on-call shift during her regularly scheduled workweek, on which days Defendant requires Plaintiff Santana to be on-call following her 5:00 p.m. regular shift until midnight.

39.     Thus, when adding in their on-call shifts, Plaintiff Baez worked approximately fifty-three and one-half hours during those weeks and Plaintiff Santana worked between fifty-three and one-half and sixty and one-half hours during those weeks.

40.     For the year 2018, Defendants paid both Plaintiffs for all hours worked over forty during each workweek for this time period at one and one-half times their regular rates. Plaintiffs' job duties as home finders during this time period remained identical to their job duties before and after 2018.

41.     However, for her work during the Relevant Time Period, Defendant paid Plaintiff Baez at the following annual salaries:

> January 17, 2017 through December 31, 2017: $47,500.00;
>
> January 1, 2019 through January 16, 2019: $48,925.00;
>
> January 17, 2019 through January 16, 2020: $50,392.75; and
>
> January 17, 2020 through the present: $51,904.53.

Plaintiff Baez's annual salaries yielded weekly salaries of $913.46, $940.86, $969.09, and

$998.16, respectively, which were intended to compensate Plaintiff Baez for only her scheduled thirty-seven and one-half hours, yielding regular rates of $22.83, $23.52, $24.22, and $26.61, respectively.

42.     For her work during the Relevant Time Period, Defendant paid Plaintiff Santana at the following annual salaries:

> October 11, 2016 through October 10, 2017: $47,500.00;
>
> October 11, 2017 through December 31, 2017: $48,925.00;
>
> January 1, 2019 through October 10, 2019: $50,392.75; and
>
> October 11, 2019 through the present: $51,904.53.

Plaintiff Santana's annual salaries yielded weekly salaries of $913.46, $940.86, $969.09, and $998.16, respectively, which were intended to compensate Plaintiff Santana for only her scheduled thirty-seven and one-half hours, yielding regular rates of $22.83, $23.52, $24.22, and $26.61, respectively.

43.     At no point during the Relevant Time Period did Defendant pay Plaintiffs for their Saturday work or their on-call shifts in addition to their regular weekly salaries.

44.     By way of example only, for the workweek of January 6 to January 12, 2019 - - Defendant required both Plaintiff Baez and Plaintiff Santana to work, and both Plaintiffs did work, from Monday through Friday, 9:00 a.m. to 5:00 p.m., with a thirty-minute uninterrupted break on each of these days.  In addition to these thirty-seven and one-half hours worked, Defendant required Plaintiffs Baez and Santana to work on Saturday, January 12, 2019, from 9:00 a.m. until 4:00 p.m. without an uninterrupted break, totaling forty-four and one-half hours worked this week. However, Defendant paid Plaintiffs for only thirty-seven and one-half hours of work for this week at a rate of $26.61 per hour, and thus failed to pay Plaintiffs at any rate of pay, let alone at their

regular rates for two and one-half hours of work up to forty hours, or their overtime rates of $39.91

for the four and one-half hours that each Plaintiff worked that were in excess of forty that week.

45.     Defendant paid Plaintiffs on a weekly basis by check.

46.     On each occasion when Defendant paid and pays Plaintiffs during the Relevant

Time Period, Defendant failed and continues to fail to provide them with a wage statement that

accurately listed their hours worked in a week or their straight time and overtime rates of pay.

47.     Additionally, Defendant failed to provide Plaintiffs with any wage notice at the

time of their hire, let alone one that accurately contained, *inter alia*, Plaintiffs' rates of pay as

designated by the employer.

48.     Defendant treated and treats Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in

the manner described herein.

49.     Defendant acted and acts in the manner described herein so as to minimize its labor

costs and overhead.

50.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked and work

was and is for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

51.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every

allegation set forth above with the same force and effect as if more fully set forth herein.

52.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not

less than one and one-half times their regular rates of pay for all hours worked exceeding forty in

a workweek.

53.     As described above, Defendant is an employer within the meaning of the FLSA,

while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

12

54.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

55.     Defendant willfully violated the FLSA.

56.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

<u>**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**</u>
*Unpaid Overtime Under the NYLL and the NYCRR*

58.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

60.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

61.     As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

62.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

63.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Timely Wages in Violation of the NYLL*

64.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65.     NYLL § 191(1)(d) requires employers to pay their employees their earned wages in accordance with the agreed terms of employment, but not less frequently than on regular paydays as designated in advance by the employer.

66.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

67.     As also described above, Defendant failed to compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in accordance with the agreed terms of employment by failing to pay them for all of their hours worked by the regularly scheduled payday designated in advance by Defendant.

68.     As a result of Defendant's failure to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, all of their earned wages in a timely manner, Plaintiffs,

Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to all unpaid wages, liquidated damages, interest, and attorneys' fees.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

69.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

72.     As also described above, Defendant, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with wage statements that accurately contained all of the criteria required under the NYLL.

73.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

74.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

75.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

77.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

78.     As also described above, Defendant failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with any wage notice at their time of hire, let alone one that accurately contained all of the criteria required under the NYLL.

79.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

80.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

81.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

16

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendant from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

i. Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and the FRCP;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       April 8, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
655 Third Avenue, Suite 1821
New York, New York 10017
(212) 679-5000

By:  _____
    JEFFREY R. MAGUIRE (JM 1982)
    ALEXANDER T. COLEMAN (AC 1717)
    MICHAEL J. BORRELLI (MB 8533)